# Heffernan *against* Addams.


A power of attorney "to ask, demand, sue for, recover and receive all such sum or sums of money, debts, dues, accounts, and other demands whatsoever, which are or shall be due, owing, payable, and belonging to us, or detained from us by any manner of ways or means whatsoever," &c., will not authorise the attorney to compound for, receive and release a sum of money which is not due and payable.

In the execution of a deed by one person for another, under a power of attorney, the name of the principal must be used in some form or other, in order to its validity.

ERROR to the common pleas of *Berks* county.

George W. Heffernan, administrator of Catherine Heffernan deceased, against Elijah Deckart and Peter Addams, administrators of John Addams deceased. Feigned issue to try the right of Catherine Heffernan to money in court arising out of the sale of the real estate of William Singer.

Henry Singer the elder by his will devised a tract of land to his son Henry Singer, subject to the payment of the interest of 200 pounds annually to Catherine Heffernan.    Henry Singer the younger died intestate and without issue, but leaving a widow. The land was appraised by a proceeding in partition, and taken by his brother John Singer, who entered into a recognizance for the payment of 900 pounds to his brothers and sisters after the death of his brother Henry's widow, of which 180 pounds would be the share

[Heffernan v. Addams.]

of Catherine Heffernan. While the widow of Henry Singer was yet alive, and before the 180 pounds were payable to Catherine Heffernan, she and her husband, Hugh Heffernan, gave to their brother, Hugh Henry Heffernan, the following power of attorney:

" Know all men by these presents that we, Hugh Heffernan and Catherine his wife, formerly Catherine Singer, of the township of Wayne, county of Crawford, and commonwealth of Pennsylvania, have nominated, constituted and appointed, and by these presents do nominate, constitute and appoint, and in our place and stead put and depute Hugh Henry Heffernan, of the same place, our true and lawful attorney for us and in our name, and to our use, to ask, demand, sue for, recover and receive all such sum and sums of money, debts, dues, accounts, and other demands whatsoever, which are or shall be due, owing, payable and belonging to us, or detained from us, by any manner of ways or means whatsoever ; especially, all the share, part or dividend of the said Catherine Heffernan, formerly Catherine Singer, of, in and to the estate of Henry Singer, late of the county of Berks deceased, (whether the same be real or personal) now in the hands and possession of John Singer, administrator of the estate of the said Henry Singer deceased, being; and we hereby further authorize and empower our said attorney to release all our right, title, interest, property, claim and demand of, in and to the estate whereof the said Henry Singer deceased died seised, unto the aforesaid John Singer, his heirs and assigns; and also for us and in our name, place and stead, and as our proper act and deed, to sign, seal and deliver and acknowledge all such deed or deeds of release as shall or may be necessary in and about the premises, giving and granting unto our said attorney, by these presents, our full and whole power, strength and authority about the premises, to have, use and take all lawful ways and means, in our name, for the purposes aforesaid ; and upon the receipt of any such debts and dues, or sums of money, acquittance or other sufficient discharges, in our name, to make, seal and deliver ; and generally all other acts, things and devices in the law whatsoever, needful and necessary to be done in and about the premises, for us and in our name, to do, execute and perform, as fully, largely and amply, to all intents and purposes, as we ourselves might or could do if personally present; hereby ratifying, allowing and confirming all and whatsoever our said attorney shall lawfully do in and about the premises by virtue hereof. In witness whereof we have hereunto set our hands and seals the 10th day of June, in the year of our Lord 1814.

" HUGH HEFFERNAN,　　[L. S.]

" CATHERINE HEFFERNAN, [L. S.]"

In pursuance of this power of attorney, Hugh Henry Heffernan, the attorney, executed the following release :

" Know all men by these presents, that I, Hugh Henry Heffernan, of the township of Wayne, county of Crawford, and common-

[Heffernan v. Addams.]

wealth of Pennsylvania, yeoman, sendeth greeting.  Whereas Henry
Singer, in his lifetime, made his last will and testament, bearing
date the 30th day of September, in the year of our Lord 1799,
wherein and whereby, amongst other things, he did give and be-
queath in the words following, to wit: Item, I give and bequeath
unto my daughter Catherine the sum of five shillings as for her in-
heritance out of my estate, both real and personal.  Provided, never-
theless, that the two last payments which my son Henry is to pay
for the land hereby devised to him, shall remain unpaid and charged
on said land; and my said son, Henry Singer, his heirs and assigns,
are to pay the interest thereof, from the time said payments become
due, unto my said daughter Catherine, yearly, during her natural
life, as in and by said recited will since his decease duly proven and
remaining in the register's office at Reading, in and for the county
of Berks, recourse thereunto had, appears.  And whereas the said
Henry Singer, son of the said Henry, became in his lifetime lawfully
seised, in his demesne as of fee, of and in a certain messuage or
tenement and two tracts of land, situate in Alsace township, Berks
county, containing together one hundred and fifty acres, being the
same which the said Henry Singer, by the above recited will, did give
and devise unto his said son Henry, with the appurtenances, and being
so thereof seised died intestate and without issue, but leaving a widow,
now intermarried with Henry Seiler, and brothers and sisters, to wit,
John Singer, William Singer, Eve Singer, and the said Catherine,
intermarried with Hugh Heffernan, to whom, by the laws of Penn-
sylvania relating to intestate's estates, did descend and come.   And
whereas the said real estate of the said intestate was valued and
appraised by an order of the orphan's court of the county aforesaid,
and adjudged by the said orphan's court to the said John Singer, one
of the heirs at law, as in and by the records and proceedings of the
said court had more at large will appear.   And whereas the said
Hugh Heffernan and Catherine his wife, late Catherine Singer, by
their attorney, Hugh Henry Heffernan, by letter of attorney under
their hands and seals, bearing date the 10th day of June, in the
year of our Lord 1814, did nominate, constitute and appoint the said
Hugh Henry Heffernan, for and in consideration of the sum of 200
dollars in specie to me in hand paid, by John Singer, of the borough
of Reading, county of Berks aforesaid, yeoman, at and before the
ensealing and delivering hereof, the receipt whereof is hereby ac-
knowledged, and thereof acquit and forever discharge the said John
Singer, his heirs, executors and administrators, by these presents,
hath granted, bargained and sold, aliened, enfeoffed, released and
confirmed, and by these presents doth grant, bargain, sell, alien,
enfeoff, release and confirm unto the said John Singer, and to his
heirs and assigns, all such sum or sums of money due, or hereafter
becoming due, unto the said Hugh Heffernan and Catherine his
wife, out of the estate of the said Henry Singer, the elder, agreeable
to the above recited will; and also all such sum or sums of moneys

[Heffernan v. Addams.]

which are due, or hereafter becoming due, out of the estate of Henry Singer, the younger, deceased, arising and issuing out of and from the said messuage or tenement and two tracts of land situate in Alsace township, aforesaid. And further, I do, by these presents, acquit, release, and forever discharge the said John Singer, his heirs, executors, administrators, and every of them, of and from the payment of all such sum or sums of money, legacies or bequests, now due or hereafter becoming due unto Hugh Heffernan and Catherine his wife, arising out of the estate of the said Henry Singer, agreeably to his said will. And also all such sum or sums of money due and hereafter becoming due unto the said Hugh Heffernan and Catherine his wife, out of the real estate or personal estates situate in Alsace township aforesaid, whereof the said Henry Singer, the younger, died intestate ; and also of and from all actions, suits, accounts, costs and charges, payments, dues, demands, damages, trouble and expenses whatsoever, touching or concerning the premises aforesaid. In witness whereof I have hereunto set my hand and seal, this 7th day of July, in the year of our Lord 1814.

　　　　　　　　　　　　　"HUGH H. HEFFERNAN, [L. S.]

"Sealed and delivered in the presence of us

　　"ICHABOD HAMLIN, ⎱
　　"HENRY BETZ." 　　⎰

After the death of the widow of Henry Singer, this issue was joined to try the right of Hugh Heffernan and Catherine his wife to the principal sum of 180 pounds, payable at the death of the said widow, and also to recover the arrearages of interest on the 200 pounds which became due after the date of the release. And the questions were, whether, under the foregoing power of attorney, Hugh Henry Heffernan had authority to release as he did do? And whether the release was the deed of his principal?

The court below was of opinion that the release was a bar to the plaintiff's recovery, and so instructed the jury.

*Hoffman* and *Greenough*, for plaintiff in error, cited, 6 *Watts* .500 ; 8 *Wend.* 494 ; 17 *Serg. & Rawle* 300, 308 ; *Sugd. on Powers* 344 ; 1 *Rawle* 281 ; 6 *Watts* 96 ; 11 *Serg. & Rawle* 325 ; 2 *Serg. & Rawle* 493 ; 4 *Serg. & Rawle* 112.

*Deckart* and *Smith*, for defendant in error, cited, 2 *Watts* 185 ; 6 *Watts* 99.

The opinion of the Court was delivered by

KENNEDY, J.—The several errors assigned in this case present but two questions:—First, Had Hugh Henry Heffernan authority, under the letter of attorney from Hugh Heffernan and Catherine his wife, of the 10th of June 1814, to compound for money which had not become payable to his principals, and upon receipt of a less sum

[Heffernan v. Addams.]

than the amount of the debt to release or acquit the debtor, or to compound for an annuity, that is, the interest on 200 pounds made payable to Catherine, one of the constituents, during her natural life, and to accept of a gross sum in lieu of it, and in consideration thereof release and discharge the annuity? Second, Does the release bearing date the 7th day of July 1814, executed by Hugh Henry Heffernan to John Singer, purport to be the deed and release *of* Hugh Heffernan and Catherine his wife, or is it not in its terms and tenor the deed and release of Hugh Henry Heffernan, the attorney, himself?

As to the first question, it would not seem, from the terms in which the letter of attorney is drawn up, to have been the intention of the constituents to grant to their attorney any power or authority over debts or moneys payable at a future day, before they should become payable. The language of the power is, " *to ask, demand, sue for, recover and receive* all such sum and sums of money, debts, &c., which are or shall be due, owing, *payable* and belonging to us or detained from us, &c., espècially, all the share, part or dividend of the said Catherine Heffernan, formerly Catherine Singer, of, in and to the estate of *Henry Singer*, late of the county of Berks, deceased, (whether real or personal) now in the hands and possession of *John Singer, administrator* of the said Henry Singer, deceased." It is clear that the attorney was only to receive such money or debts as the constituents had, or should have at the time of the receipt thereof, a right "*to ask, demand, sue for and recover;*" but it must be admitted without the least hesitation, that a right to ask, demand, sue for and recover, money or a debt does not exist *before* it becomes *payable.* We therefore think that the attorney had no authority or power from his principals to demand and recover moneys under the letter of attorney, before the debts became payable : and having no power to do so, it of necessity follows, that he could give no release, acquittance or discharge that would be binding upon his principals. The court below, then, as we conceive, erred in their charge to the jury, by telling them, that the words " all which are or shall be due," contained in the letter of attorney, were to be construed as if written, "*which are or shall become due;*" and that the attorney thereby acquired authority to demand and receive money, and to give binding acquittances therefor, before they became payable ; and consequently *before* they could have been *sued for* and *recovered.*

Having shown that the attorney had no authority, under his letter, to receive the 180 pounds, which had not become payable when he undertook to release the obligor or land bound for the payment thereof; nor to do any thing more with the interest of the 200 pounds, which was payable annually to Catherine Heffernan, one of the constituents, during her natural life, than *to* demand and recover it, as and when it became payable, and not before ; and upon receipt thereof, after it became payable, to give a proper acquittance ; but beyond this as it appears no authority was given ; and

[Heffernan v. Addams.]

certainly not the least colour of it, going to warrant his release of the obligation to pay the interest according to the direction of the will, upon his receiving a sum of money in advance for it: I will now turn to the second question. Does the release, which was given in evidence and objected to by the counsel of the plaintiff in error, purport to be the deed or release of Hugh Heffernan and Catherine, his wife, or of Hugh Henry Heffernan, the attorney, himself? It is well settled that when one executes a deed for another, under a power of attorney, in order to make it the deed of the principal, it must be executed in the name of the latter; but if that be done, it has been held that it matters not in what form of words it shall be done; that such execution is sufficiently denoted by the signature of the names, as if opposite the seal be written, "for J. B. (the principal) M. W. (the attorney)." Wilkes *v*. Beck, 2 *East* 142. But without it be executed in some form or other, in the name of the principal, it will not be good as his deed, or binding upon him. Frontin *v*. Small, 1 *Stran*. 705; Bogart *v*. De Bussey, 6 *Johns. Rep.* 94; Berkley *v*. Hardy, 8 *D. & R.* 102; 5 *B. & C.* 355. But the release in question is not executed in the names of Hugh Heffernan, and Catherine his wife, or either of them, in any form or manner whatever; nor is the body or any part of it in their names. It, on the contrary, is in the name of Hugh Henry Heffernan the attorney throughout: and is executed by him in his own name under *his* hand and seal, without the slightest allusion to or mention of his principals. It appears not only from its face, but from the whole tenor and purport of it, to be the proper deed of the attorney himself; and therefore ought not to have been admitted in evidence as the deed of his principals, executed under the power of attorney.

The judgment of the court below must be reversed; but, the attorney being the son of his constituents, it may be that he advised them truly of all that he had done, and accounted to them at the same time for the moneys received by him as the consideration for what he did do; if it be that they received the moneys, and thus acquiesced in all that he did, it would amount to a confirmation thereof; and be as conclusive and binding upon them, as if the letter of attorney, given by them, had authorised the whole of it, and the release had been duly executed in their names: so that it may be that the plaintiff will not gain much, by reversing the judgment, if the defendant should be able, on the next trial of the cause, to prove that the constituents acquiesced in and approved of all that their attorney did for them in regard to the matters in controversy.

Judgment reversed and *venire de novo* awarded.