## Strohecker *against* The Farmers' Bank.

The assignment of a bond by an attorney in fact, in terms different from his authority, is not admissible to establish a right in the assignee to the money secured by it.

ERROR to the common pleas of *Berks* county.

This was an issue under the act of the 16th of April 1827, to try the right of the Farmers' Bank of Reading to money in court which arose out of the sale of the real estate of John Garber; in which the Bank was plaintiff and Leah Strohecker was defendant.

The question on the trial had regard to the admissibility in evidence of an assignment of a bond of William Sharman to Daniel Strohecker, dated the 6th of August 1819, conditioned for the payment of 1903 dollars 24 cents one year after date with interest; which was offered by the plaintiff.

The assignment was made in pursuance of the following power of attorney:

Know all men by these presents, That Daniel Strohecker, of Chilisquaque township, Northumberland county, yeoman, and Leah, his wife, have authorised and empowered, and by these presents do authorise and empower John Strohecker, of the borough of Reading, Berks county, for them and *in their name*, to assign, transfer, and set over, to the Farmers' Bank of Reading, a certain bond, dated the 6th day of August A. D. 1819, of nineteen hundred and three dollars twenty-four cents, or thereabout, payable in one year thereafter, with interest, from William Sharman to said Daniel Strohecker, both intermarried with the daughters and heirs of John Garber, deceased, in satisfaction of part or in the whole (as the case may be) of a note due said Farmers' Bank, by the said John Strohecker, and further to do, execute, perform and finish all and singular the acts, matters and things, which shall be expedient and necessary, touching and concerning the premises, as fully and effectually to all intents and purposes whatsoever, as they the said Daniel Strohecker and Leah his wife, or either of them might or could do in and about the same, and being personally present, and whatsoever he, the said John Strohecker, shall lawfully do or cause to be done in and about the premises, by virtue of these presents, they do hereby ratify, allow and confirm: In witness whereof, the said parties to these presents have hereunto set their hands and seals the 31st day of August A. D. 1820.

DANIEL STROHECKER, [L. S.]

LEAH STROHECKER,  [L. S.]

Assignment.

For a valuable consideration to me in hand paid by the Farmers' Bank of Reading, (and by virtue of a letter of attorney from Daniel Strohecker and Leah Strohecker his wife, to me, dated the thirty-first day of August A. D. 1820, and duly recorded in the office for recording of deeds, &c., at Reading, Berks county, in book A, vol. 31, page 415,) I do assign and set over the within obligation, and all moneys due and to become due thereon, unto the Farmers' Bank of Reading aforesaid, and their assigns, and in case the same cannot be recovered of the within named William Sharman, then I do promise and agree to pay the amount thereof, together with all charges thereupon accruing, unto the Farmers' Bank of Reading aforesaid, or their assigns.    Witness my hand and seal, September 14th A. D. 1820.            JOHN STROHECKER. [L. S.]

Sealed and delivered in the presence of us,
        THOMAS CHADWICK,
        JOHN S. HIESTER.

To the admission of these papers in evidence to establish the plaintiff's right to any part of the money in court, objection was made by the defendant, but the court below overruled the objection, and permitted the same to be read, to which exception was taken by the defendant.

*Hoffman* and *Greenough*, for plaintiff in error, cited 7 *Watts* 116; 5 *Serg. & Rawle* 427, 430; 9 *Co.* 76; 2 *Caines* 66; 8 *Wheat.* 201; 1 *Greenleaf* 231; 14 *Serg. & Rawle* 331; 7 *Mass. Rep.* 14; 16 *Mass. Rep.* 42; 7 *Monroe* 356; 1 *Missouri* 205; 2 *Watts* 136.

*Smith*, for defendant in error, cited 6 *Watts* 136.

The opinion of the Court was delivered by

KENNEDY, J.—The defendants in error, being the plaintiffs below, claimed to be the rightful owners and holders of a bond, executed by William Sharman on the 6th day of August 1819, binding himself to Daniel Strohecker in the sum of three thousand eight hundred and six dollars and forty-nine cents, to be paid to the said Daniel, his acting attorney, &c., conditioned, however, for the payment of one thousand nine hundred and three dollars and twenty-four cents, by the said William Sharman, with lawful interest thereon, from its date, which is the same of its execution, to the said Daniel Strohecker, in one year thereafter.  The real estate of William Sharman, or at least a part of it, had been sold by the sheriff, under the authority of judicial process, and the money arising therefrom, brought into court for appropriation.  And it would also seem, according to the understanding of the parties, that the party justly entitled to demand and receive the money due on the bond, whoever he might be, was to be paid the same out of a balance of the money

still remaining in court unappropriated. The defendants below, claimed a right to receive the money due on the bond, under an assignment of it to them by John Strohecker, bearing date the 14th day of September 1820. The only right or authority, which John Strohecker appears to have had for making an assignment of the bond, is a letter of attorney from Daniel Strohecker, the obligee, dated the 31st of August 1820. This letter of attorney was executed by Daniel Strohecker and his wife, under their respective hands and seals, authorising John Strohecker, in *their names*, to assign the bond to the defendants in error, in *satisfaction* of part, or in the whole, (as the case might be,) of a note due them by the said John Strohecker. The assignment is as follows: " For a valuable consideration to me in hand paid, by the Farmers' Bank of Reading, (and by virtue of a letter of attorney from Daniel Strohecker, and Leah Strohecker, his wife, to me, dated the thirty-first day of August A. D. 1820, and duly recorded in the office for recording of deeds, &c. at Reading, Berks county, in book A, vol. 31, p. 415,) *I* do assign and set over the within obligation, and all moneys due, and to become due thereon, unto the Farmers' Bank of Reading aforesaid, and their assigns, and in case the same cannot be recovered of the within named William Sharman, then *I do promise and agree to pay the amount thereof*, together with all charges thereupon accruing unto the Farmers' Bank of Reading aforesaid, or their assigns. Witness my hand and seal, September 14th, A. D., 1820, John Strohecker, (seal.) Sealed and delivered in presence of us, Thomas Chadwick, John S. Hiester."

The question then raised here, is, Did any right or title, either legal or equitable, to the bond, pass under this assignment to the defendants in error? It is very clear that the legal title was not thereby transferred; because that being vested in Daniel Strohecker, the obligee, could only be passed, according to the act of assembly, by an assignment in writing made and executed in the name and under the hand and seal of the obligee, either by himself in person, or by his attorney in fact, legally authorised to do so. And though the letter of attorney gave full power to John Strohecker to execute and make such assignment of the bond, in the name of Daniel Strohecker, to the defendants in error, yet it is perfectly clear that he did not do so. The assignment throughout, purports to be made by John Strohecker, the attorney, in his name, and not by, or in the name of Daniel Strohecker, his constituent, the obligee in the bond, and to be signed and sealed by John Strohecker for himself individually, and not for or on behalf of Daniel Strohecker. And in fact, it would rather seem to have been the understanding of John Strohecker and the defendants in error, at the time of executing the assignment, that it should be so, because it contains a covenant, in case the amount due on the bond could not be recovered from the obligor, that then the assignor should pay the same, together with

all charges accruing thereon, to the defendants in error or their assigns. But it is manifest, from the terms of the letter of attorney, which are free from all ambiguity or doubt in this respect, that the attorney had no authority to make such engagement on behalf of his constituent; and as the defendants in error must be presumed to have known this at the time, the natural inference would seem to be, that they considered the assignment the act and deed of the attorney, and as such binding him, and not that of the obligee in the bond. The principle of Heffernan *v.* Addams, 7 *Watts* 116, and of the cases there cited, shows most clearly, that the assignment in question cannot be regarded in law as the act and deed of Daniel Strohecker the obligee in the bond; and consequently the defendants in error cannot be considered in law as the assignees of it. Then what is there, in this case, tending to show or establish a claim to it, on their part, in equity? It is said that Daniel Strohecker was the son of John Strohecker, but it is not pretended, nor is there a spark of evidence in the case going to prove it, that Daniel Strohecker was indebted or liable to the defendants in error, in any way whatever, for the money or debts owing to them to secure the payment of which the bond is alleged on their part, to have been assigned to them. Neither does it appear, nor is it pretended, indeed, that Daniel Strohecker ever received any thing for the bond, either from the defendants in error, or from John Strohecker. Neither does it appear that the defendants in error gave up or surrendered any right which they had at the time, as a consideration for obtaining an assignment of the bond from John Strohecker, which would be lost to them unless they obtain the money due on it. Consequently, if they fail to get the money due on the bond, it does not appear that their condition is worse than it would have been had they never gotten an assignment of it. But this is not all. For it is very apparent from the face of the letter of attorney, and the terms of the assignment, that the defendants in error obtained the assignment of the bond upon terms altogether different from, and in fact, contrary to what appears to have been plainly intended by the obligee. By the express words of the letter of attorney, he declares that the assignment, if made, shall be *"in satisfaction* of part, or in whole (as the case may be) of a note due said Farmers' Bank, by the said John Strohecker." But the assignment, instead of being taken in *satisfaction* or *discharge* of a debt owing to the Bank by John Strohecker upon a note, or as a *satisfaction* for the consideration of the assignment, whatever it may have been, seems rather to have been taken as a collateral security only; or at most not as a *satisfaction,* because John Strohecker is expressly bound by the assignment, to make the payment of the bond good if the amount thereof cannot be recovered from the obligor. It may be said, that it could not make any material difference to the obligee, whether the Bank took the bond in *satisfaction,* or as a *collateral* security for the debt owing by John Strohecker; but the obligee

[Strohecker v. The Farmers' Bank.]

being the owner of the bond, had a perfect right to prescribe the terms upon which he was willing to part with the bond to the bank; and his attorney could give it upon no other. Doubtless the great object of Daniel Strohecker may very well be conjectured to be, that of relieving his father from his indebtedness to the bank, to the amount of the bond at least; which could only be accomplished by the bank's taking an assignment of the bond in *satisfaction,* and not as a collateral security for the payment of it. We therefore think that the defendants in error gave no evidence on the trial of the cause, going to show that they were entitled, either in law or equity, to receive the money due on the bond, and that the court below erred in permitting the letter of attorney to be read in evidence to the jury.

Judgment reversed, and a *venire de novo* awarded.