# Bassett *versus* Hawk.

1. A special power of attorney can be executed in no other manner than that presented in the warrant itself.

2. A deed of conveyance executed in his own name by one having a special power of attorney, " for me and in my name, place and stead to grant," etc., and this without referring to or reciting the warrant in the deed, conveys no title.

October 11th, 1886.  Before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, J. J.  MERCUR, C. J. and PAXSON J., absent.

ERROR to the Court of Common Pleas of *Armstrong county :* of October Term, 1886, No. 36.

Ejectment by A. E. Barrett against Simon Hawk for a lot of land in South Buffalo township, Armstrong county, containing twenty-four acres, more or less.  Plea not guilty.

The plaintiff claimed that Colum McGinley died, seized of this land, and that he derived title under his will, which was duly probated.

The defendant claimed title through a power of attorney from Colum McGinley to Mary McGinley his wife, authorizing her "for me and in my name, place and stead to grant" etc.; " all that tract of land containing one hundred acres lying and being in Armstrong county, Pa., without further description. The warrant was executed April 9th, 1821.  Mary McGinley executed a deed in her own name without referring to or reciting the warrant of attorney by which she conveyed her right, title and interest in one hundred acres of land in Buffalo township, to Frances McBride on the 18th day of April, 1821. Colum McGinley died on the 14th day of April, 1843.  The defendant based his title on this deed from Mary McGinley to Frances McBride.

The warrant of attorney and the said deed were offered in evidence by the defendant, and under objection of the plaintiff were admitted by the court, NEALE, P. J.

Verdict for the defendant and judgment thereon, whereupon

[Bassett v. Hawk.]

the plaintiff took this writ, assigning for error *inter alia* the admission of the warrant of attorney, and the said deed in evidence.

*David Barclay* for plaintiff in error.—It is a general rule that a delegation or authority must be by deed, that it may appear that the attorney or substitute had a commission or power to represent the party; and, further, that it may appear that the authority was well pursued : 1 Bac. Ab., 199; Co. Litt., 48 b, and Peters *v.* Condron, 2 S. & R., 79.

An authority must be strictly pursued. So if one does less than his authority required, it shall be void : Comyn Dig., 774; Co. Litt., 258 a.

An act varying in substance from the authority is void, Comyn Dig., 775; Co. Litt., *supra*; or done in the attorney's own name, 9 Co. 76 b., 1 Roll., 330, l. 35; Comyn Dig. 776.

If an attorney has a power by writing to make leases, if he make a lease in his own name it will be void: 9 Co., 77 a, 1 Roll., 330, l. 87; Comyn Dig. 776.

An attorney who makes a surrender ought to make it in the usual form, as by the rod, &c., according to the custom of the manor; and he ought to make it in the name of the copyholder, not in his own name: 9 Co., 76 b; Kennedy *v.* Skeer, 3 Watts, 95; Hefferman *v.* Addams, 7 Watts, 116; Shoheeker *v.* Farmers Bank, 8 Watts, 191; Bingham's Appeal, 14 P. F. S., 349; Gordon *v.* Bulkeley, 14 S. & R. 331.

*Charles McCandless* (*Calvin Rayburn* with him) for defendant in error.—Colum McGinley could lawfully constitute his wife, Mary McGinley, his attorney in fact to make sale of his land : Commonwealth *v.* Newcomer, 49 Pa. St. 486; Bacon's Abr., Authority "B"; Hopkins *v.* Mollinnean, 4 Wendell, 465; First Hill (S. C.) 270; Fourteenth Alabama, 469; Rex *v.* Hughes, 1 Mood. C. C. 370; Rex *v.* Hall, 1 Mood. C. C. 474; Rex *v.* Carr, Russ. & Ryan, 198; Wingate *v.* Mechanic's Bank, 10 Barr 108; 1 Parson's Select Equity Cases, 214.

It has been decided so long ago as Sir E. Clere's Case, 6 Co. 17, that, if one having only a power to dispose of lands, but no interest in them, make a disposition of them without reference to the power, they shall be considered as passing by virtue of the power, because otherwise the disposition would be inoperative and void. The law, which mainly regards the design and object of the parties, will not suppose them to do a vain and useless thing, but if there be any way in which their design can take effect, it shall be deemed to operate in that way. And this is the ordinary rule as to conveyances. The policy of the common law is to take every man's grant so as

to pass such an interest as shall be deemed most advantageous to the grantee: 2 Co. 35; 3 Bac. Ab. 387. And where the grant is impossible to take effect according to the letter, then the law makes such a construction that the gift by possibility may take effect: Co. Lit. 183 b, 146 b, 301, 302, 313.

See Vanhorn, Lessee, *v.* Dorrance, 1 Dall., 138. The form of the instrument is not regarded, the substance is everything; powers, executed by deed or will, need not recite or refer to the instrument creating the power, if the act done be such as cannot take effect but by virtue of the power. Powell on Powers, 111, 114; Allison *v.* Kurtz, 2 Watts, 185; Jones *v.* Woods, 4 Harris 42; Henby *v.* Warner, 1 P. F. S. 276.

Mr. Justice GORDON delivered the opinion of the court, January 3d, 1887.

Colum McGinley undoubtedly died seized of the land in dispute. In him the fee was vested as early as 1811, and so far as we can see it never passed out of him until his death. His power of attorney of April 9th, 1820, to his wife, Mary, was valid; and that she might in his place and stead have executed it no one denies. But the serious difficulty in the defendant's case is that she never did execute it. It is urged, and so the court before held, that her deed to Frances McBride, of the 11th of April, 1821, was an execution of that power. We do not so regard it; for there is nothing in the body of that deed, or in the execution of it, that warrants any such inference. The conveyance is of all the right and title of Mary McGinley in and to one hundred acres of land in Buffalo township, Armstrong county. It is executed under her own hand and seal, and there is not the slightest allusion to either Colum McGinley or his power of attorney. It is true that where one conveys to another a tract of land in trust with a general power of sale, that power may be well executed by the grantee's own deed. But such is not the case in hand. There was no conveyance to Mary McGinley. She was but constituted the attorney of her husband and, as such, authorized, "for me and in my name, place and stead to grant," etc. This power was special, and could be executed in no other manner than that presented in the warrant itself. Even had the warrant of attorney been recited in the deed, yet, without the curative Act of March 20, 1860, her signature alone would not have availed to convey the property to Frances McBride; for this power did not authorize her to convey in her own name, but in that of her husband: Hefferman *v.* Addams, 7 Watts, 116; Strohecker *v.* Farmers Bank, 8 Watts, 190; Addams *v.* Hefferman, 9 Watts, 539.

From what has been said, it follows that the court should have sustained the plaintiff's objection to the admission of the deed

above mentioned, and also the objections to the other deeds dependent upon it. They were all irrelevant in that they had no connection with the title of Colum McGinley, and so the court should have ruled. We need not notice the other assignments, since the disposition of the second puts an end to the defendant's case, and so, in effect, sustains them all.

The judgment of the court below is reversed, and a new *venire* ordered.